**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC VON HEPPINSTALL, individually and on behalf of all other similarly situated, Plaintiff** | : | **No. 3:21cv1611** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **RESURGENT CAPTIAL SERVICES L.P., LVNV FUNDING LLC, and JOHN DOES 1-25, Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition is the motion for summary judgment filed by the defendants in this case alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). The motion is ripe for decision.

**Background**

Plaintiff Eric Von Heppinstall owed a debt that originated from an account he had with Plains Commerce Bank. (Doc. 22, Defs' Statement of Material Facts ("SOF") at ¶ 1).[1] Defendant LVNV Funding LLC ("LVNV") later acquired the debt from the bank. (Id.) On or about September 1, 2021, Defendant Resurgent

[1] Unless otherwise noted, the court will cite only to uncontested portions of the SOF.

Capital Services L.P., ("RCS"), evidently acting on behalf of LVNV, sent a letter ("the Letter") to plaintiff in an attempt to collect on the account. (Id.)[2]

The Letter states in part: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it, and LVNV Funding LLC cannot report it to any credit reporting agency." (Id. ¶ 2, Doc. 1-2). Plaintiff's complaint alleges that the Letter fails to inform plaintiff that a partial payment on the debt would have the effect of starting the statute of limitations running again. (Doc. 1, Compl. ¶¶ 32-33). Plaintiff asserts that the Letter is thus false, deceptive, and misleading, and in violation of sections 1692e(2)(A) and e(10) of the FDCPA. (Id. ¶¶ 47-48).

Additionally, the FDCPA requires creditors to provide a "validation notice" in their initial communication with debtors. 12 C.F.R. § 1006.34(a). This validation notice must include such information as the debt collector's name and mailing address, the name of the creditor to whom the debt was originally owed, the account number, and the name of the creditor to whom the debt is currently owed. 12 C.F.R. § 1006.34(c). The debt collector must also notify the consumer that upon written notification that "the debt, or any portion thereof, is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer" and mail it to the consumer. 15 U.S.C. § 1692g.

---

[2] The court will refer to RCS and LVNV collectively as "defendants."

Also upon written request the debt collect must provide the name of the original creditor, if different from the current creditor. Id.

Plaintiff's complaint alleges that the Letter contained language that overshadowed the validation notice, including the statement, "[f]or further assistance, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374." (Doc. 1-2). Per plaintiff this statement "misleads the consumer by implying that a phone call is sufficient to discuss all facets of the account including disputing the debt, when in reality, in order to properly assert all his rights, the Plaintiff must put the dispute request in writing." (Doc. 1, Compl. ¶ 34).

Plaintiff filed his complaint on his own behalf and on behalf of others similarly situated.[3]

The two-count complaint raises the following two causes of action:

Count I – Violation of the FDCPA, 15 U.S.C. § 1692e, regarding the use of

---

[3]Plaintiff's complaint indicates that he sues on behalf of:

all individuals with addresses in Pennsylvania;

to whom Defendant RCS sent an initial collection letter attempting to collect a consumer debt;

on behalf of Defendant LVNV;

that failed to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt would start again upon payment;

and which letter was sent one year prior to the filing of the complaint or twenty-one (21) days after filing the complaint. (Doc. 1, Compl. ¶ 14).

It appears that the motion to certify the class was due in September of 2022, but was never filed. (Doc. 20, 18).

false, deceptive or misleading representations or means in collection of a debt; and

Count II – Violation of the FDCPA, 15 U.S.C. § 1692g using misleading language in regard to the method for a dispute and deceiving consumers into not exerting their rights under the FDCPA.

After the close of fact discovery, the defendants filed the instant motion for summary judgment. The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to a federal statute, the FDCPA, 15 U.S.C. § 1692e, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

The court will grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury Corp., 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Plaintiff brings suit pursuant to the FDCPA, which the Third Circuit Court of Appeals has described as follows:

> Congress enacted the FDCPA to curb "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Among other things, the Act seeks "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). To effectuate these purposes, Congress proscribed the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provided a list of sixteen examples of such prohibited conduct. Id. § 1692e. These include making "false representation[s]" about "the character, amount, or legal status of any debt," id. § 1692e(2)(A), and "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken," id. § 1692e(5). As we have noted, "[b]ecause the list of the sixteen subsections is non-exhaustive, a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of section 1692e even if it does not fall within any of the subsections." Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011).

Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426-27 (3d Cir. 2018).

"As the FDCPA is an explicitly remedial statute, passed by Congress to eliminate abusive debt collection practices by debt collectors, 15 U.S.C. § 1692(e), [courts] construe its language broadly, so as to effect its purpose[.]" Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015) (internal quotation marks and citation omitted). Courts use a "least sophisticated debtor" standard in analyzing whether an attempt to collect a debt violates the FDCPA. Id. The least sophisticated debtor standard is "lower than the standard of

reasonable debtor [but] it preserves a quotient of reasonableness and presumes a basic level on understanding and a willingness to read with care." Id. (internal quotation marks, editing marks and citation omitted). This approach allows courts to give "effect to the Act's intent to protect the gullible as well as the shrewd." Id. (internal quotation marks, editing marks and citation omitted).

To prevail on an FDCPA claim, a plaintiff "must demonstrate that '(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.'" Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014). Id. at 427. Here, it appears that the parties only dispute the fourth element, that is, the defendant violated a provision of the FDCPA.

The defendants' motion seeks summary judgment on both counts of plaintiff's complaint. The court will address each in turn.

**I. Count I**

Count I of plaintiff's complaint alleges a violation of two sections of the FDCPA, 15 U.S.C. § 1692e(2)(A) and § 1692(e)(10). Section 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

**(2)** The false representation of –

**(A)** the character, amount, or legal status of any debt[.]"

15 U.S.C. § 1692e(2)(A).

Section 1692(e)(10) prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Plaintiff claims that the letter is deceptive in violation of these two sections. Specifically, he objects to the following language in the Letter: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it, and LVNV Funding LLC cannot report it to any credit reporting agency." (Doc. 1-2, The Letter). Plaintiff's position is that under Pennsylvania law, a partial payment on the debt will restart the statute of limitations and the Letter's failure to inform him of this fact is materially misleading under §§ 1692e(2)(A) and 1962e(10).

Defendants' motion for summary judgment provides arguments attacking Count I. The court will address each in turn.[4]

**A. No Threat of Litigation in The Letter**

Defendants first argue that the Letter contains no threat of litigation, and

[4] Defendants' third and fourth arguments regarding the character, amount or legal status of the account and the statute of limitations respectively, are interrelated and will be discussed together.

under Third Circuit precedent, it does not violate the FDCPA. Plaintiff disagrees and argues that the precedent that defendants rely on is not as broad as they propose. After a careful review, the court agrees with the plaintiff.

The Third Circuit Court of Appeals addressed attempts to collect on a time-barred debt in Huertas v. Galaxy Asset Mgmt., 641 F.3d 28 (3d Cir. 2011). The court explained that "when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." Id. at 32-33.

Defendants here argue that they were attempting to collect on a time-barred debt. The Letter did not threaten a lawsuit; thus it did not violate the FDCPA. The court finds this reasoning unconvincing. The Huertas court did not make such a broad ruling. Aside from not threatening a lawsuit, The Letter must not be in any other way make a "false, deceptive, or misleading representation[.]" 15 U.S.C. § 1692e. Huertas dealt with the facts before it, as opposed to setting the outer boundaries for proper debt collector behavior.

The Third Circuit itself has explained that Huertas is not as broad as defendants claim. The court explained that Huertas holds that debt collectors do not violate 15 U.S.C. § 1692e(2)(A) when they attempt voluntary repayment of

debts on the which the statute of limitations has passed as long as the debt collector does not threaten or take legal action. Tatis v. Allied Interstate, LLC, 882 F.3d 422, 428 (3d Cir. 2018). "But the FDCPA sweeps far more broadly than the specific provision found in § 1692e(2)(A)." Id. Collection letters on a stale debt may violate the FDCPA by misleading or deceiving debtors even when the letters do not threaten legal action. Id. For example, such letters can violate the FDCPA when "the least sophisticated debtor could plausibly be misled by the specific language used" in the letter. Id. at 430.

Accordingly, the court does not accept the defendants' first argument that because the Letter does not threaten a lawsuit, it does not violate the FDCPA. The Letter can still be violative of the FDCPA if it is deceptive in some other way. Summary judgment in favor of the defendants on this ground is not appropriate.

**B. Character, Amount or Legal Status of the Account/Statute of Limitations**

As noted above, 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making any false representations of the character, amount or legal status of the account. Defendants argue that the Letter properly sets forth legal status of the debt.[5] Per Defendants, the Letter correctly states the legal status because it indicates that the debt is time-barred for both litigation and credit reporting

[5] Evidently, the amount and character of the debt are not currently at issue.

purposes. (Doc. 1-1, The Letter). Thus, defendants argue they cannot be held to have violated section 1962e(2)(A) of the FDCPA.

Plaintiff's position is that the Letter is deceptive, misleading and an unfair debt collection practice because it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will re-start upon partial payment by plaintiff. (Doc. 1, Compl. ¶¶ 32-33). Defendants argue that plaintiff is incorrect, and a partial payment alone is insufficient to revive a time-barred debt under Pennsylvania law. Thus, the Letter is not deceptive for failing to mention that according to the defendants. After a careful review, the court finds that summary judgment on this basis is inappropriate.

Pennsylvania law provides: "As a general rule. . . a partial payment serves to restart the statute [of limitations]" Citicorp N. Am., Inc. v. Thornton, 707 A.2d 536, 538 (Pa. Super. Ct. 1998). Defendants argue that more is needed than a payment to restart the statute of limitations. The more that is needed, according to the defendants, is an acknowledgment of the debt by the debtor. See Huntingdon Fin. Corp. v. Newton Artesian Water Co., 659 A.2d 1052, 1054 (Pa. Super. Ct. 1995). The Huntingdon court, however, explained that "[t]here can be no more clear and unequivocal acknowledgment of debt than actual payment, thus removing the statute of limitations with respect to the principal." Id.; see also Citicorp, 707 A.2d at 538. Therefore, the defendants argument is not

convincing. While plaintiff must acknowledge the debt to re-start the statute of limitation, paying on the debt is in itself an acknowledgement of it. A factfinder may find that the Letter is deceptive because it failed to inform plaintiff that partial payment would re-start the statute of limitations. Accordingly, summary judgment in favor of the defendants is inappropriate.

**C. Other Courts**

Next, defendants argue that summary judgment should be granted because other courts have rejected the very theory of liability that the plaintiff now proposes. After a careful review, the court disagrees.

Most of the cases cited by the defendant are not precisely on point with the issue before the court. For example, defendant cites to Trichell v. Midland Credit Mgmt., 4:18-cv-00132-ACA, 2018 WL 4184570 (N.D. Ala. Aug. 31, 2018). Defendants claim that in Trichell, the United States District Court for the Northern District of Alabama found that language similar to that used in the Letter was not violative of the FDCPA. Trichell, however, is readily distinguishable from this case. The plaintiff in Trichell, made "no argument that a partial payment could restart the statute of limitations." Id. at *4. As noted above, plaintiff does make that argument in this case.

Defendants also cite to Buchanan v. Northland Grp., Inc., 776 F.3d 393 (6th Cir. 2015). Buchanan, however, is also distinguishable from this case. The

case dealt with a motion to dismiss an FDCPA claim involving a debt collection letter which included a "settlement offer," that is, that the creditor was willing to offer the debtor a settlement. Id. at 395. In what could be described as dicta, the court indicates that language such as that used by the defendant in this case would provide an unsophisticated consumer sufficient information about the statute of limitations. Id. at 400. The court, however, did not address the **revival** of the statute of limitations, the issue in the instant case.

Defendant also cites to Filguerias v. Portfolio Recovery Assoc., Civ. Action No. 15-8144, 2016 WL 1626958 (D.N.J. Apr. 25, 2016). The issue in Filguerias was whether a debt collection letter could mislead or deceive the least sophisticated consumer into believing that the debt was legally enforceable, even if the creditor did not threaten litigation, where it does not disclose that a debt was time-barred and offered a settlement. Id. * 5. The court concluded that because the letter at issue presented " 'Settlement Options' for Debt that was arguably time-barred, it is plausible that the legal status of the debt has been misrepresented in violation of the FDCPA since it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable[.]" Id. *9 (internal quotation marks and citation omitted). The case did not deal with the issue presented in this instant case regarding the revival of the statute of limitations upon partial payment.

Likewise, two other cases cited by the defendants do not address the issue before the court. See Genova v. Total Card, Inc., 193 F. Supp. 3d 360 (D.N.J. 2016) (found for creditor but holding that under New Jersey law, a partial settlement payment would not revive the statute of limitations); Valle v. First Nat'l Collection Bur., 252 F. Supp. 3d 1332, 1341 (S.D. Fla. 2017) (does not address the revival of a statute of limitations issue).

One case cited by the defendants, which is from the United States District Court for the District of Kansas, does appear to be on point and to support the defendants' position. See Boedicker v. Midland Credit Mgmt., Inc., 227 F. Supp. 3d 1235 (D.Kan. 2016). This case is not binding on the court. To the extent that the court's decision is ultimately different from Boedicker, the court respectfully disagrees with Boedicker's analysis for the reasons stated herein. See Camreta v. Greene, 563 U.S. 709 n.7 (2011) (indicating that a federal district court's decision is not binding precedent in either a different judicial district, the same judicial district, or the same judge in a different case).

**D. CFPB and FTC Approval of Language**

Lastly, the defendant argues that the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB"), which are two entities tasked with enforcing the FDCPA, have approved language similar to that used in the Letter in 2012 and 2015 consent decrees with debt collectors accused of

violating the FDCPA. Once again, as in Huerta, however, the court cannot find that these consent decrees automatically protect all debt letters dealing with the statute of limitations. The language cited by the defendants does not address the revival of the statute of limitation and a factfinder could find that omitting that important information regarding the legal effect of making a partial payment could be deceptive under the FDCPA.

In fact, it is not clear that the FTC and CFPB ultimately agree with defendants' position. In proposing rules for FDCPA enforcement in 2016, the CFPB stated:

> The bureau believes that most consumers are unaware of the potential legal consequences of making a payment or acknowledging a debt in writing. Indeed, many consumers may find it counterintuitive that making a payment – which they believe ought to have positive consequences for them – may actually have negative consequences. The proposals under consideration would require disclosures whenever a debt collector seeks payment on time-barred debt and limit the collection of debts that can be revived. The purpose is to help ensure that consumers are neither deceived nor treated unfairly in connection with the collection of time-barred debt.

https://files.consumerfinance.gov/f/documents/20160727_cfpb_Outline_of_proposals.pdf (last visited Jun. 20, 2024).

The CFPB's 2020 supplemental proposed rulemaking included specific time-barred debt and revival disclosures, although the final rule does not contain any of the provisions. Regardless, this statement coming from the CFPB is contrary to the defendants' position. Accordingly, the court does not find the

argument with regard to the consent decrees to be determinative as to the CFPB and FTC's position on the issue before the court.

**E. Conclusion as to Count I**

None of defendants' five arguments with regard to whether the Letter is deceptive under 15 U.S.C. § 1692e(2)(A) or § 1692e(10) justify granting summary judgment to the defendants on Count I. A factfinder may find that the letter is deceptive. See Pantoja v. Portfolio Recovery Assocs., LLC, 852 F.3d 679, 682-83 (7th Cir. 2017) (holding that debt collector violated FDCPA by failing to disclose that a partial payment on a time-barred debt could result in the revival of the statute of limitations). Summary judgment will be denied to the defendants on Count I of plaintiff's complaint.

**II. Count II**

Count II of plaintiff's complaint alleges a violation of section 1692g of the FDCPA, 15 U.S.C. § 1692g.

This section provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;

> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

Plaintiff alleges that the Letter uses misleading language in regard to the method for disputing a debt and deceives consumers into not exerting their rights under the FDCPA. (Doc. 1, Compl. ¶ 53). Specifically, plaintiff alleges that the first paragraph of the Letter "contains a request to call to discuss for further assistance, which misleads the consumer by implying that a phone call is sufficient to discuss all facets of the account including disputing the debt, when in reality, in order to properly assert all his rights, the Plaintiff must put the dispute request in writing." (Doc. 1, ¶ 34).

Defendants argue that the premise of plaintiff's argument – that a dispute over the validity of the debt must be written – is contrary to the law. After a careful review, the court disagrees with defendants.

The Third Circuit Court of Appeals has held that debt collection notices sent under section 1692g need not require that disputes be expressed in writing. Riccio v. Sentry Credit, Inc., 954 F.3d 582, 594 (3d Cir. 2020). The Third Circuit has noted, according to the defendants, that "[a] collection notice can never mislead the least sophisticated consumer by relying on the language Congress chose." Riccio v. Sentry Credit , Inc., 954 F.3d 582, 588 (3d Cir. 2020). Defendants argue that the Letter's language tracks the congressional language here and thus it cannot be a violation of section 1692g.

Plaintiff counters by alleging that, while written disputes and oral disputes are permitted under the statute, the only way to preserve **all** of plaintiff's statutory protections is to dispute the debt in writing. For instance, a written dispute forces the debt collector to immediately stop, verify, and respond as required by the FDCPA. Id. at 589. Whereas an oral dispute would forfeit those protections. Id. at 588. Accordingly, the court finds the defendants' argument unconvincing. A factfinder may find that the Letter is deceptive and the validation notification with regard to the debtor's full rights under the FDCPA.

**Conclusion**

For the reasons set forth above, the court finds that a questions of fact exist as to whether the Letter violated the FDCPA. Accordingly, the defendant's motion for summary judgment will be denied. An appropriate order follows.

**Date:** 7/1/24

**JUDGE JULIA K. MUNLEY**
**United States District Court**